[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on September 5, 1992 in Bethany, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage and no minor children born to the plaintiff since the date of the marriage.
The evidence presented at trial has clearly established the allegations that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-82, 46b-81, 46b-66a and46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties married in September 1992 and separated February 1, 1998. This is the wife's second marriage and the husband's first. The wife is 36 years of age and has a four-year accounting degree, becoming a licensed CPA in 1989. The husband has a high school education and is the principal owner of W.R. Grieger Excavating, Inc., which is engaged in the excavation business.
The major issues in this dissolution action are the allegations of fault and financial awards.
Neither party has any health problem.
The court finds that both parties contributed to the breakdown of the marriage. The court cannot assign primary blame or fault for the breakdown to either party since the issue was hotly contested. Another issue is assigning a value for the property at 55-57 Virginia Rail Drive, Bethany and the contribution of each party to this property. The plaintiff CT Page 1989 testified that the parties lived together prior to their marriage and that their present residence was owned by the defendant prior to their marriage. After their marriage, the property at 55-57 Virginia Rail Drive, Bethany was purchased by the parties for the sum of $41,000 and it was stipulated that the plaintiff paid $34,000/$35,000 of the purchase price with the husband's company paying the balance. In addition, the plaintiff testified she incurred expenses for a soil consultant for $3,375, an engineering expense of $9,164 and a further expense of $26,419.45 for legal expenses to obtain an approved lot(s) because of wetland problems. The husband testified that he contributed, in addition to the aforementioned $7,500 from his company toward this purchase, an easement from his adjoining property to create a right of way for this subject property since it was otherwise landlocked. The husband also testified and presented testimony that the Virginia Rail property could have been sold for $70,000 several years ago. The wife has assigned a zero value to this property since it has the wetland problem, which has not been resolved. Finally, there is the issue of the defendant's interest in his company and whether he owns 100% or 60% of that corporation.
I. BY WAY OF DISSOLUTION
The marriage between the parties is dissolved and the parties are declared to be single and unmarried.
II. BY WAY OF ALIMONY
The court orders the husband to pay alimony to the wife in the amount of $50 per week for a period of two years, with alimony to terminate prior to the two year period on the happening of the following events: death of either party, or remarriage or cohabitation of the plaintiff with another person or the plaintiff obtaining full time employment. The husband and wife shall each pay one-half of the COBRA premiums for the wife for a maximum of 12 months under the husband's coverage unless the wife obtains coverage through her own employer.
III. BY WAY OF PROPERTY SETTLEMENT
The court orders that the property at 55-57 Virginia Rail Drive, Bethany be transferred by the wife to the husband within 60 days of the date of dissolution. In exchange, the husband shall pay to the wife the sum of $75,000, which sum is to be paid CT Page 1990 in three equal installments of $25,000, the first payment to be made four months from this date; the second payment of $25,000 one year from the first payment; and the third installment one year later.
The husband shall retain ownership of the property at 185 Fairwood Road, Bethany, Connecticut, including all dwellings thereon; five acres of property on Amity Road, Bethany, and his entire interest in the William R. Grieger Excavating, Inc. and any and all equipment associated with said business.
IV. PERSONAL ASSETS AND LIABILITIES
The wife shall retain ownership of the following: the three motor vehicles and quarter horse listed on her financial affidavit, her clothing and personal effects, the New Haven Savings account, all of the shares, 401(k), cash and profit-sharing on her affidavit.
The husband shall retain ownership of his Keogh or 401(k) listed on his affidavit in the amount of $65,000. The husband and wife shall thereafter be responsible for the remaining liabilities listed on their respective financial affidavits.
V. TAX REFUNDS
The husband shall pay over to the wife from the 1997 IRS tax refund of $6,098, the sum of $3,049 to be paid within four months of this judgment.
VI. COUNSEL FEES
The husband shall pay to plaintiff's counsel the sum of $3,000 as follows: $1,000 due six months from this date and the remaining $2,000 in $1,000 installments each six months thereafter.
VII. PERSONAL PROPERTY
The court is unable to determine which items listed on the wife's request for judgment entitled "Schedule A" she is entitled to and directs the parties to negotiate disposition of these items. If there is any item(s) the parties cannot reach an agreement on, they are referred to Family Relations and any final non-agreement shall be resolved by this court. CT Page 1991
The Court
Grogins, J.